Filed 2/11/15  P. v. Stevenson CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G049324 |
| v. | (Super. Ct. No. 13NF0549) |
| DEMETRIUS STEVENSON, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Edward W. Hall, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed as modified.

Kenneth J. Sargoy, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, William M. Wood and Brendon W. Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

The superior court revoked defendant Demetrius Stevenson's grant of probation and sentenced him to state prison. He contends the trial court erred by admitting hearsay evidence at his probation violation hearing. We find any error harmless given the alleged hearsay went to but one of three or four grounds for revoking his probation. Defendant also contends the court erred in awarding presentence credits. The Attorney General agrees. We affirm the judgment and order the abstract of judgment modified to reflect defendant's proper presentence credits.

I

FACTS AND PROCEDURAL SETTING

On February 13, 2013, defendant pled guilty to possessing methamphetamine (Health & Saf. Code, § 11377, subd. (a)), possession of a hypodermic needle, a misdemeanor (Health & Saf. Code, § 11364, subd. (a)), and admitted he served two prior separate terms in state prison (Pen. Code, § 667.5, subd. (b)). The court placed defendant on three years of formal probation, ordered him to complete a drug treatment program pursuant to Penal Code section 1210, and ordered him to appear in court on March 15, 2013, to review his progress on probation.

Defendant did not appear in court as ordered. The court revoked his probation and issued a bench warrant for defendant's arrest. Defendant appeared in court on May 6, 2013. He admitted he violated his probation by failing to appear in court on March 15, 2013, as ordered by the court, and by failing to report to the probation department. The court reinstated probation and ordered defendant to show proof of having completed a nine-month drug treatment program in Victor Valley Rescue Mission on January 8, 2014.

On July 1, 2013, the probation department filed a petition for another probation violation. The petition alleged defendant had been terminated from the treatment program after he left the program, and he had failed to report to the probation

2

department within 24 hours of leaving the drug program. The court revoked probation and again issued a bench warrant for defendant's arrest seven days later. Defendant admitted the probation violation on July 26, 2013. The court reinstated defendant on probation and ordered him to show proof of enrollment in a drug program on August 9, 2013. The court warned defendant any further violations of probation could result in termination of probation under Penal Code section 1210.

The probation department filed yet another petition for violation of probation on August 7, 2013. The bases for the violations this time were defendant's possession of dangerous weapons (a folding knife, slingshot and ball bearing ammunition) and his giving the probation department a false address. Defendant subsequently admitted he violated probation. The court terminated defendant from the Penal Code section 1210 drug treatment program. Defendant was sentenced to a total of four years in state prison and suspended execution of the sentence pending successful completion of a 90-day residential drug treatment program.

On October 16, 2013, two days before the defendant was supposed to show proof in court, the probation department filed a petition for a bench warrant for defendant's arrest. It alleged defendant thrice failed to report to the probation department as directed. The hearing on defendant's probation violation was held on November 19, 2013.

Deputy Probation Officer Rafael Serret testified defendant reported to the probation department on September 20, 2013. Serret was not the probation officer to whom defendant reported that day. Over defense objection, Serret said defendant was instructed by the probation officer he saw on September 20, to report to Serret on September 24, 2013. Defendant did not report on September 24. Serret then sent defendant a letter telling him to report to the probation department on October 2, 2013. Defendant did not report on October 2. Serret sent defendant another notice, this one to

report to the probation department on October 9, 2013. The notice was sent to the address defendant gave the probation department. Defendant did not report on October 9. Each time defendant failed to report, Serret left telephone messages for defendant. Serret did not know defendant's whereabouts when he filed the petition for a warrant for defendant's arrest on October 9, 2013. Serret said a probationer is supposed to contact his or her probation officer prior to any change in address.

On October 18, 2013, defendant informed Serret he was no longer staying at his father's residence. Defendant told Serret he did not receive the notices sent to his father's residence.

Defendant testified on his own behalf. He said he was released from custody on September 19 and reported to the probation department the next day. Serret was not there. Defendant filled out the form for his address and emergency numbers. On direct examination he said he does not recall whether he was told by the other probation officer to contact any other member of the probation department. He said he never received any contact from the probation department about reporting because he was living in a park at that time. On cross-examination, defendant admitted he did not inform probation he was no longer living at his father's residence, and said the probation officer with whom he spoke on September 20, 2013, did not tell him to report to Serret on September 24, 2013.

The court found defendant reported to the probation department on September 20, 2013, and was directed to contact his probation officer on September 24, but did not. The court further found defendant also failed to report to the probation department on October 2 and October 9, despite notice having been given. The court found defendant's version of what happened on September 20, 2013, was not credible.

4

Defendant requested immediate sentencing. The court terminated probation and imposed the previously stayed sentence of four years of custody to be served in the Orange County jail, consisting of a two-year commitment on his felony conviction and two consecutive years, one year for each of the two separate prior terms defendant served in state prison. The court awarded defendant 79 days actual credit and 79 days conduct credit for a total credit of 158 days time served. Defendant filed a timely notice of appeal.

## II

## DISCUSSION

A. *Admission of Hearsay Evidence at the Probation Violation Hearing*

Defendant complains the court should not have permitted Serret to testify to hearsay in the probation violation hearing. Specifically, the hearsay to which defendant now objects is the statement purportedly made to defendant by the probation officer he saw on September 20, 2013. According to Serret, the probation officer told defendant to report to Serret on September 24, 2013. When the prosecutor asked Serret what directions defendant was given by the probation officer, defense counsel objected to a lack of foundation. The objection was overruled. When Serret was asked whether defendant was "instructed on what he should do next as it relates to reporting to probation," defense counsel objected to the question as leading. That objection was overruled and Serret stated, "[Defendant] was directed to make phone contact with me on September 24."

Defendant now argues the court erroneously admitted hearsay evidence that violated his right to confrontation. We review a superior court's decision allowing hearsay evidence at a probation violation hearing for an abuse of discretion. (*People v. Abrams* (2007) 158 Cal.App.4th 396, 400.) In order to preserve an evidentiary issue for appeal, the defendant must make a timely objection to the evidence on the ground raised

5

on appeal. (Evid. Code, § 353; *People v. Hovarter* (2008) 44 Cal.4th 983, 1008.) The failure to raise the specific ground of objection denies the opposing party the chance to offer evidence to cure the alleged defect. (*People v. Holt* (1997) 15 Cal.4th 619, 666.)

Defendant did not raise hearsay or confrontation objections. Neither did the foundation objection alert the court to the issue now raised by defendant on appeal. Defendant has failed to preserve the issue for appeal. That does not, however, end our inquiry because defendant makes the alternative argument that if his attorney did not preserve the issue for appeal, then counsel rendered ineffective assistance.

The standard of review for an ineffective assistance of counsel claim is well settled. A criminal defendant has a federal and state constitutional right to the effective assistance of counsel. To establish a claim of incompetence of counsel, a defendant must establish both that counsel's representation fell below an objective standard of reasonableness and that it is reasonably probable that, but for counsel's error, the result of the proceeding would have been different. (*Strickland v. Washington* (1984) 466 U.S. 668, 686-688, 694-695; *People v. Ledesma* (1987) 43 Cal.3d 171, 215-218; see U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; *People v. Benavides* (2005) 35 Cal.4th 69, 92-93.) To prevail, a defendant must establish incompetence of counsel by a preponderance of evidence. (*People v. Ledesma*, *supra*, 43 Cal.3d at p. 218.)

"If a defendant has failed to show that the challenged actions of counsel were prejudicial, a reviewing court may reject the claim on that ground without determining whether counsel's performance was deficient. [Citation.]" (*People v. Kipp* (1998) 18 Cal.4th 349, 366-367.) We do not address whether "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms" (*In re Visciotti* (1996) 14 Cal.4th 325, 351-352), because we conclude any deficiency was harmless.

6

Defendant was alleged to have violated his probation not only by failing to report on September 24, 2013, as he was purportedly told to do by a probation officer on September 20, 2013, but also by failing to report on October 2 and October 9, 2013, as he had been directed by Serret. Serret sent notices to the address defendant provided the probation department and left telephone messages on the number defendant gave. Evidence at the probation violation established each of these additional grounds for violation and that defendant's whereabouts were unknown at the time the petition was filed. Therefore, even if counsel had objected on hearsay and confrontation grounds to Serret testifying a probation officer told defendant to report to Serret on September 24, 2013, defendant would still have been found in violation of his probation for failing to report on the other dates.[1]

B. *Presentence Credits*

When the court sentenced the defendant, it awarded him 79 actual days and 79 conduct credits toward the sentence imposed. (Pen. Code, § 4019.) Defendant argues he was entitled to an additional six (three actual and three conduct) days of credit. The Attorney General agrees. We accept the concession and direct modification of the abstract of judgment to reflect the award of 82 actual days and 82 conduct credits for a total of 164 days.

III

DISPOSITION

The abstract of judgment is ordered amended to reflect the award of 82 actual days and 82 conduct credits for a total credit of 164 days time served. The clerk of the superior court is directed to mail a certified copy of the amended abstract of judgment

_____

[1] Defendant does not contend the superior court erred in finding he violated his probation by failing to report twice in October as directed.

7

to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.



                                    MOORE, J.

WE CONCUR:


RYLAARSDAM, ACTING P. J.


ARONSON, J.